# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-00649-FDW-DCK

| | |
|---|---|
| LEONARD FRYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on a review of Plaintiff's Motion to Proceed Without Prepayment of Fees or Costs in this action ("Application"), (Doc. No. 2), and on an Application for Leave to Appear Pro Hac Vice, filed by Plaintiff's North Carolina counsel. (Doc. No. 3).

In his verified Application, Plaintiff reports monthly income from self-employment in the amount of $200; $1007 a month in Veteran's compensation; and $16 a month in food stamps. (Id. at 2). Plaintiff notes that he has $120 on hand in his checking account. Against these assets, Plaintiff reports approximately $1,180 in what appear to be reasonable monthly living expenses. Plaintiff divulges that he recently inherited his mother's house for which he has become tenant-in-common with his three siblings. The house is for sale and Plaintiff estimates that approximately $22,000 would be realized from the sale although it is unclear whether that amount would accrue to the Plaintiff or be split among the four siblings.

The Court has examined Plaintiff's Application and based on his current income and

liabilities, it appears that Plaintiff does not have sufficient resources from which to pay the $350 application fee in this matter. Plaintiff is reminded that he is still responsible for the full payment of the fee absent an Order to the contrary and to the extent his financial status changes, he should report that information to the Court so that his financial ability to pay the fee can be reassessed.

The Court has likewise examined the Motion for Leave to Appear Pro Hac Vice and finds that the necessary filing fee has been remitted to the Clerk of Court and that Petitioner's North Carolina counsel has agreed to appear as co-counsel with New York attorney Howard David Olinsky. Moreover, it appears that based on the motion, Mr. Olinsky otherwise qualifies to appear pro hac vice in this matter as it appears he is a member in good standing of the New York bar and has not appeared pro hac vice in this District previously.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs is **GRANTED**. (Doc. No. 2).

2. The Motion for Leave to Appear Pro Hac Vice is **GRANTED** for good cause shown. (Doc. No. 3).

3. Plaintiff's co-counsel, Mr. Bowling, shall prepare the necessary summons and submit the summons to the Clerk via Cyberclerk within seven (7) days of entry of this Order.

4. Upon receipt of the summons, the Clerk shall deliver process to the U.S. Marshal for service in accordance with the Federal Rules of Civil Procedure.

5. The U.S. Marshal shall serve process on the Defendant at the expense of the United States Government. Although the U.S. Marshal shall serve process in this action, it remains the responsibility of counsel to insure that process is effected.

**SO ORDERED.**

Signed: October 4, 2012

Frank D. Whitney
United States District Judge